**Kai CHEN, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 05–0950–AG.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Joan Xie, New York, New York, for Petitioner.

Sharon D. Stokes, Assistant United States Attorney, Atlanta, Georgia, David E. Nahmias, United States Attorney for the Northern District of Georgia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Kai Chen, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Generally, where the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Further, this Court recently determined that, where, as here, the BIA "adopted and affirmed" the IJ's decision, and then added alternative grounds meriting the denial of relief, this Court is not required to confine its review to the BIA's alternative grounds, but, rather, may review the IJ's conclusions as well. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the IJ's findings of fact, including adverse

credibility findings, under the substantial evidence standard.

■ In this case, the IJ's factual findings were substantially supported by the record. In determining that Chen failed to offer sufficient evidence to support his claim, the IJ relied on the lack of specificity and detail in Chen's testimony, and on the fact that Chen failed to offer evidence corroborating his claim that he continued to practice Falun Gong after his arrival in the United States. The IJ noted that, despite Chen's testimony that his aunt and uncle, with whom he resided in this country, witnessed him practicing Falun Gong, Chen provided neither testimony nor an affidavit from either one indicating that he or she had witnessed Chen engage in the practice. *See Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000) (noting that, where it is reasonable to expect corroborating evidence of a particular aspect of a petitioner's claim, the absence of such corroboration can lead to a finding that the petitioner has not met his burden of proof). Further, the IJ concluded that, because, as Chen testified, he was never a leader or teacher of Falun Gong, Chen failed to offer sufficient evidence that he would be subject to persecution as a result of his practice.

■ The IJ also properly relied on the implausibility of Chen's claim to determine that Chen lacked credibility. In making the adverse credibility determination, the IJ noted that it was unlikely that Chen's father would continue to receive a government pension while in hiding to avoid arrest, and that Chen's claim that the government sought to arrest him was unlikely given that Chen was able to obtain an exit visa to leave China. Because Chen's claim relied on his assertion that he and his

parents were subject to arrest in China as a result of their practice of Falun Gong, these implausibilities bear "a legitimate nexus" to Chen's claim for asylum. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ Although the IJ's factual findings were properly supported by the record, the BIA erred in determining that, based on his testimony, Chen did not qualify for asylum because his parents were able to avoid persecution by relocating within China. Although Chen testified that his parents moved from their home to live with his sister, he also testified that his parents remained in hiding, and were still subject to arrest under outstanding warrants. Thus, according to Chen's testimony, their relocation did not diminish the possibility that they would be subject to persecution. However, because the IJ's factual findings were substantially supported by the record, and because those findings are sufficient to support the denial of relief, the BIA's error is not sufficient cause to grant the petition for review. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159–60 (2d Cir.2006) (noting that, where there was error in one factual finding, if substantial evidence supported the IJ's other error-free factual findings, and if those findings adequately supported the IJ's denial of relief, the Court could "confidently predict" that the IJ would reach the same conclusion on remand, and deny the petition for review).

■ Chen argues that the IJ erred in failing to independently consider his claim for relief under CAT. As a preliminary matter, this Court lacks jurisdiction to consider the claim because Chen did not raise this issue in his brief to the BIA, and, thus, failed to exhaust his administrative reme-

dies. *See Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir.2004) (stressing that courts are generally required to strictly enforce statutory exhaustion requirements); *see also* 8 U.S.C. § 1252(d)(1) (providing that a court may review a final order of removal only if the alien has exhausted all available administrative remedies). Further, even if Chen had properly exhausted the claim, it would not merit relief because a review of the record demonstrates that the IJ separately and independently considered Chen's CAT claim, and specifically denied the claim because Chen failed to offer evidence that he was likely to be tortured if returned to China.

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).